**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee, State Bar No. 228175
E-mail: lwlee@diversitylaw.com
Nicholas Rosenthal, State Bar No. 268297
E-mail: nrosenthal@diversitylaw.com
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554

**POLARIS LAW GROUP LLP**
William L. Marder, State Bar No. 170131
E-mail: bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone: (831) 531-4214
Facsimile: (831) 634-0333

Dennis S. Hyun (State Bar No. 224240)
E-mail: dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JULIO GARCIA, individually and on behalf of all those similarly situated,

Plaintiff,

vs.

WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:18-cv-00500-L-MDD

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**

**(1) VIOLATION OF LABOR CODE §§ 201-203; AND**

**(2) VIOLATION OF LABOR CODE § 2698, ET SEQ.**

**(DEMAND OVER $25,000)**

Comes now Plaintiff Julio Garcia ("Plaintiff"), an individual, by and through his attorneys of record, hereby alleges and complains against Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (collectively, "Walmart" or the "Company"), and Does 1 through 50 (collectively, "Defendants") as follows:

**JURISDICTION AND VENUE**

1. Defendants filed a Notice of Removal asserting that this Court has jurisdiction over the violations of the California Labor Code §§ 201-203, pursuant to the Class Action Fairness Act (the "CAFA") 28 U.S.C. § 1332(d)

2. Venue is proper in this Court because Plaintiff worked for Defendant in San Diego County.

**PARTIES**

3. Walmart is a national retailer with locations throughout the United States, including in San Diego County, California.

4. Plaintiff has worked for the Company since on or about December 12, 2007, through January 12, 2017. On or about January 12, 2017, Plaintiff's employment with the Company ended.

**DOE DEFENDANTS**

5. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and, based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff to be subject to the illegal employment practices, wrongs and injuries complained of herein.

**AGENCY STATUS OF EACH DEFENDANT**

6. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and

furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

7. Plaintiff is informed and believes and, based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

8. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

9. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ALLEGATIONS

10. On or about January 12, 2017, the Company terminated Plaintiff's employment. Although Plaintiff was paid most of his earned wages on his last day, he did not receive all of his wages. Rather, Plaintiff was paid wages owed at the time of his termination two weeks later. Therefore, Plaintiff is and was a victim of the policies, practices and customs of Defendant complained of in this action in ways that have

deprived Plaintiff of the rights guaranteed by California Labor Code §§ 201-203.

11. **Class Definition:** The named individual Plaintiff brings this action on behalf of himself and the Class pursuant to California Code of Civil Procedure § 382. Plaintiff proposes the following class and subclass:

a. Any and all individuals who worked for DEFENDANT in the State of California whose employment ended at any time from February 1, 2015, through the present, and who received a Statement of Final Pay and then received any additional wages (regular, overtime and/or vacation) on DEFENDANT's on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual (the "Class");

b. Any and all individuals who worked for DEFENDANT in the State of California whose employment ended at any time from February 1, 2015, through the present, and who received a Statement of Final Pay and then received any additional wages (regular, overtime and/or vacation) more than 3 days after the issuance of the Statement of Final Pay on DEFENDANT's on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual (the "Subclass").

12. **Numerosity:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believe, and based thereon alleges, that Defendant failed to timely pay final wages to employees who resigned/quit and/or employees who were terminated within the time requirements set forth in Labor Code §§ 201-203.

13. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-

and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

14. Defendant uniformly administered a corporate policy, practice of failing to timely pay final wages to employees who resigned/quit and/or employees who were terminated within the time requirements set forth in Labor Code §§ 201-203.

15. Plaintiff is informed and believes and based thereon alleges that Defendant had a consistent and uniform policy and practice of willfully failing to comply with Labor Code §§ 201-203. Plaintiff and other members of the Class did not secrete or absent themselves from Defendant, nor refuse to accept the earned and unpaid wages from Defendant. Accordingly, Defendant is liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

16. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant failing to timely pay final wages to employees who resigned/quit and/or employees who were terminated within the time requirements set forth in Labor Code §§ 201-203.

17. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class. Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 201-203. As with other California employees, Plaintiff was paid his final wages after his separation of employment. Specifically, Plaintiff was terminated on January 12, 2017. At the time of Plaintiff's termination, he was issued a Statement of Final Pay along with what was purported to be all of his final earned wages. However, he was not paid all of his earned wages. Rather, Plaintiff was paid the rest of his earned wages at the time of termination two weeks later. Therefore, Plaintiff is a member of the Class and have suffered the alleged violations of California Labor Code §§ 201-203.

18. The Labor Code and regulations upon which Plaintiff base these claims are broadly remedial in nature. These laws and labor standards serve an important public

interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

19. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

20. The prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendant and which would establish potentially incompatible standards of conduct for the Defendant, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

21. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action,

for waiting time wages pursuant to Labor Code § 203, interest, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 218.5 and Code of Civil Procedure § 1021.5.

22. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is a representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

23. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendant. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 201-203**

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

25. Labor Code § 201 provides that all wages earned and unpaid at the time of an employee's discharge are due and payable immediately. Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages must be paid not later than 72 hours thereafter, unless the employee has given 72 hours previous notice, in which case the employee must be paid all wages due and earned at the time of quitting. Labor Code § 203 provides that an employer who willfully fails to pay such wages due to an employee who is discharged or quits must pay that employee waiting-time penalties in the form of a day's wages up to 30 days until all of the wages owed are paid.

26. As with other California employees, Plaintiff was paid his final wages after his separation of employment. Specifically, Plaintiff was terminated on January 12, 2017. At the time of Plaintiff's termination, he was issued a Statement of Final Pay along with what was purported to be all of his final earned wages. However, he was not paid

all of his earned wages. Rather, Plaintiff was paid the rest of his earned wages at the time of termination two weeks later. Plaintiff is informed and believes and based thereon alleges that Defendant maintained a policy and practice of failing to pay their employees their final wages within the time requirements of Labor Code §§ 201-203. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to penalties pursuant to Labor Code § 203.

**SECOND CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 2698, ET SEQ.**

**(BY PLAINTIFF AS PROXY FOR STATE OF CALIFORNIA AGAINST ALL DFEENDANTS)**

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff brings this cause of action as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees for Defendants' violations of Labor Code §§ 201-203, from November 21, 2016, through the present, arising from Defendants' failure to timely pay final wages to separated employees. As with other California employees, Plaintiff was paid his final wages after his separation of employment. Specifically, Plaintiff was terminated on January 12, 2017. At the time of Plaintiff's termination, he was issued a Statement of Final Pay along with what was purported to be all of his final earned wages. However, he was not paid all of his earned wages. Rather, Plaintiff was paid the rest of his earned wages at the time of termination two weeks later. Plaintiff is informed and believes and based thereon alleges that other employees were subjected to similar conduct and, therefore, are aggrieved employees.

29. On or about November 21, 2017, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code §§ 201-203 pursuant to Labor Code § 2698, *et seq*., the Private Attorney General Act ("PAGA").

30. As of the date of this filing, the LWDA has not provided written notice

regarding whether it intends to investigate the Labor Code violations set forth in Plaintiff's written notice and thus allowing Plaintiff to proceed under PAGA against Defendants for said violations. Therefore, Plaintiff may seek any and all applicable penalties under PAGA.

31. As such, pursuant to Labor Code § 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendants' violation of Labor Code §§ 201-203, for the time periods described above, as a proxy for the State of California and on behalf of other Aggrieved Employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered in his favor and against Defendants, and each of them, as follows:

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiff as the representative of the Class;

3. For an order appointing Counsel for Plaintiff as Class counsel;

5. Upon the First Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203, for interest and costs;

6. Upon the Second Cause of Action, for penalties pursuant to the PAGA, and for interest, costs, and attorneys' fees;

7. On all causes of action, for attorney's fees and costs as provided by California Labor Code §§ 203 and 2699, and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

8. Costs of suit; and

9. Such other and further relief as the Court may deem proper.

DATED: September 12, 2018

DIVERSITY LAW GROUP, P.C.

By: *s/ Larry W. Lee*
Larry W. Lee
Attorneys for Plaintiff and the Class

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the following action. My business address is 515 South Figueroa Street, Suite 1250, Los Angeles, California 90071.

On September 12, 2018, I served the following document(s) described as: **PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

Jennifer A. Kearns
Aaron T. Winn
DUANE MORRIS, LLP
750 B Street, Suite 2900
San Diego, CA 92101
*Attorneys for Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc.*

☒ **VIA CM/ECF**: I hereby certify that this document was served via the USDC CM/ECF on the parties. Notice of this filing was served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. I certify that the parties or their counsel are registered as ECF filers and that they will be served by the CM/ECF system.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 12, 2018, at Los Angeles, California.

*s/ Larry W. Lee*
Larry W. Lee