UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO GARCIA, individually and on behalf of all those similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>  Defendants. | Case No.: 18-cv-0500-L-MDD<br><br>**ORDER ON JOINT MOTION RE DISCOVERY DISPUTE**<br><br>[ECF NO. 106] |

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on January 6, 2022. (ECF No. 106). The dispute pertains to a single document that Plaintiff asserts should have been disclosed pursuant to certain Requests for Production served during the period of fact discovery. Although fact discovery closed long ago, which normally would render this dispute untimely, the district judge, in an Order dated November 19, 2021, authorized Plaintiff to seek production of this document and for Defendant to oppose production. (ECF No. 100 at 2).

//

//

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld based on that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

//

## DISCUSSION

The document at issue reflects certain policies of Defendant regarding payment of wages including PTO and sick pay. Plaintiff asserts that the document should have been disclosed in response to its Requests for Production ("RFP") numbers 3 and 4. RFP No. 3 required Defendant to produce all employee handbooks or manuals that applied to California employees during the relevant period. (ECF No. 106 at 3). RFP No. 4 required Defendant to produce all documents pertaining to policies, procedures and practices regarding compliance with [California] Labor Code Sections 201-203 applying to California employees during the relevant time period. (*Id.*).

Defendant's short answer is that the document at issue does not apply to California employees. (ECF No. 106 at 11-15). Defendant explains that it has differing policies affecting employees in different states due to the vagaries of various state laws. In California, departing employees must be paid their final wages immediately; in certain other states, employees may be paid final wages on their next payday. Defendant asserts that the document at issue applies to states allowing for next payday payments; it does not and has not applied to California employees. *See* Declaration of Diana McChristian, ¶¶ 4-14 (ECF No. 106-3). Consequently, Defendant argues, this document is not subject to production pursuant to RFPs 3 and 4 as it does not apply to California employees.

Plaintiff has viewed the disputed document and argues that there is nothing in the document itself that states it is not applicable to California employees. That argument is unavailing in the face of evidence, in the form of Ms. McChristian's Declaration, that the policy expressed in the disputed document does not apply to California employees. Plaintiff has offered no evidence to the contrary. Plaintiff's allegations that Defendant violates its

California policies does not make this document relevant. Consequently, as the document does not apply to Defendant's California employees, it is not subject to production under RFP 3 or 4.

## CONCLUSION

To the extent that the Joint Motion Re Discovery Dispute presents Plaintiff's Motion to Compel Production of Documents, it is **DENIED.**

Dated:   January 11, 2022

Hon. Mitchell D. Dembin
United States Magistrate Judge