UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO GARCIA, et al,<br><br>         Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>         Defendants. | Case No.: 18-cv-00500-L-MDD<br><br>**CLASS ACTION**<br><br>**ORDER:**<br> **(1) DENYING WALMART'S MOTION FOR LEAVE TO AMEND ANSWER;**<br> **(2) DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 95] AND**<br> **(3) DENYING REQUEST FOR JUDICIAL NOTICE [ECF NO. 111-2]** |

Pending before the Court is Defendants' Motion for Leave to Amend Answer and Motion for Partial Summary Judgment in this class action alleging violations of the California Labor Code. [ECF No. 95.] Plaintiffs oppose. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **DENIES** Defendants' Motions.

## I. BACKGROUND

This is a class action alleging Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc. (collectively "Defendants") violate California Labor Code §§ 201-203 by failing to pay its separating employees, whether involuntarily terminated or voluntarily resigned, all final wages within the timing requirements set forth by statute. Defendants, the self-proclaimed largest retailer in the world, employ millions of workers worldwide. In California, from February 1, 2015, to November 23, 2018, Defendants terminated 175, 684 workers. On the termination or separation date, Human Resources staff initiates a calculation request to determine the amount to be paid as final wages to the former employee. Defendants provide a written check to the former employee for wages due at the point of termination. At times, Defendants' calculation of the employee's final wages is not based on all wages the employee is owed because Defendants' payroll and timekeeping systems and databases do not reflect all earned wages due and owing to the former employee at the time of termination. As a result, Defendants then pay employees additional wages, earned prior to termination, after the former employee's termination.

Plaintiff filed a First Amended Complaint on September 12, 2018, seeking (1) waiting time penalties under California Labor Code § 203 and (2) penalties under California's Private Attorneys General Act, Labor Code § 2698 *et seq*. ("PAGA") alleging that he was not paid all of his earned wages at the time of termination.

On August 26, 2019, the Court certified a class consisting of:

> All individuals who worked for Defendants in the State of California whose employment ended at any time from February 1, 2015, through the present, and who received a Statement of Final Pay and then received any additional wages (regular, overtime and/or vacation) on Defendants' on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual.

(Order at 8 [ECF No. 48.])

This Court also certified the following subclass:

> Any and all individuals who worked for Defendants in the State of

California whose employment ended at any time from February 1, 2015, through the present, and who received a Statement of Final Pay and then received any additional wages (regular, overtime and/or vacation) more than 3 days after the issuance of the Statement of Final Pay on Defendants' on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual.

(*Id.*)

Named Plaintiff Julio Garcia ("Plaintiff" or "Garcia") worked for Defendant Wal-Mart from December 12, 2007, to January 12, 2017, when his employment was terminated. (First Amended Complaint. ("FAC at ¶ 4, 10). On the date of his termination, Plaintiff clocked in for work at 3:12 pm. (McChristian Dec. ¶ 21). Plaintiff was called into the office seven minutes after he clocked in and was told that his employment was being terminated. (Garcia Depo. 39:12; 39:24-40:1). The termination meeting lasted a few minutes. (Garcia Depo. 48:6). Plaintiff testified that he walked out of the meeting without clocking out. (Garcia Depo. 49:5-11.) Garcia stated that he was at the store between 20 minutes and one hour on the day he was terminated. (Garcia Depo. 62:4-14). Another employee clocked Garcia out at 4:12 pm, one hour after he clocked in. (McChristian Dec. ¶ 21). Plaintiff did not collect his final check at the meeting, but it was mailed to him along with a Statement of Final Pay ("SOFP"). (Garcia Depo. 67:4-11).

Approximately two weeks later, on January 26, 2017, Plaintiff received a payment of $12.19 along with a statement of earnings that reflected one additional hour of regular earnings and .1 hour of PTO when compared to his SOFP. (Oppo. at 6-7; Diana McChristian Depo. 54:4-9). Plaintiff alleges that the delayed payment of these wages violates California Labor Code §§ 201, 203.

On December 14, 2020, Defendants' filed a motion for partial summary adjudication, contending that the $12.19 post-termination payment to Plaintiff Garcia did not trigger waiting time penalties because it was not "earned", and that his PAGA claim fails because it is derivative of the first claim. [ECF No. 80.] The Court denied Defendants' motion for partial summary judgment, finding that there was a genuine issue

of material fact regarding whether Plaintiff was entitled to the one hour of regular wages plus the .1 PTO earned on that hour, therefore the Court was unable to determine whether waiting time penalties under § 203 were triggered. (Order at 10 [ECF No. 91.]) Defendants then filed a motion to decertify the class which the Court denied by Order dated June 23, 2022.

Pending before the Court is Defendants' Motion for Leave to Amend and for Partial Summary Judgment seeking permission to amend the Answer to add the affirmative defense of *res judicata* in light of recent settlements in other PAGA cases, and requesting summary judgment on Plaintiff's PAGA claims on that basis. (Motion at 6 [ECF No. 95-1.])

## II. LEGAL STANDARD

Amendment of pleadings is permitted once as a matter of course, and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Courts may decline to grant leave to amend "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emples. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (brackets in original) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital,* 316 F.3d 1052.

## III. DISCUSSION

Defendants argue that recent PAGA claim settlements in *Johnson v. Wal-Mart Stores*, *Inc*. *Cruz v. Wal-Mart Associates, Inc*., and *White and Jackson v. Wal-Mart, Inc*.,

[1] cover the same claims as are contained in Plaintiff's PAGA claim, and therefore the Court should allow amendment of the Answer to add the affirmative defense of *res judicata.* (Mot. at 6). Defendants contend there was no undue delay in bringing the present Motion to Amend, but instead the defense arose on July 31, 2021, during the time the parties had agreed to pause litigation to await this Court's ruling on Defendant's Motion for Summary Judgment. (Reply at 4). Once the Order Denying Summary Judgment was filed, Defendants claim they filed the Motion to Amend within thirteen days. (*Id.*) In addition, Defendants argue that Plaintiff cannot demonstrate prejudice due to the proposed amendment because he does not identify additional expenses related solely to his PAGA claims, and has not identified any evidence needed to oppose Defendants *res judicata* defense that Plaintiff does not already have. (*Id*. at 5). If the Court allows amendment, Defendants seek partial summary judgment on Plaintiff's PAGA claim on those grounds. (*Id.*).

In response, Plaintiff contends that Defendants motion to amend should be denied because Defendants failed to notify the Court of these related cases as required by Civil Local Rule 40.1(f), and that this untimeliness will cause undue prejudice to the aggrieved employees if the amendment is allowed. (Opposition at 10-12). According to Plaintiff, Defendants have known of at least one of the actions for three years or more yet did not file a Notice of Related Case. Additionally, Plaintiff claims there are factual disputes related to the proposed *res judicata* affirmative defense which would require fact discovery, yet Defendants have insisted that fact discovery not be re-opened. (*Id.*). Plaintiff notes that the deadline for any party to amend pleadings was September 14, 2018, more than three years ago. (*Id*. at 12). If the Court allows Defendants to amend the Answer to add the affirmative defense of *res judicata*, Plaintiff argues that the Court

---

[1] *Johnson v. Wal-Mart Stores, Inc.,* No. CIVDS1602699 (San Bernadino County Superior Court); *Cruz v. Wal-Mart Associates Inc.*, No. 18STCV03128 (Los Angeles County Superior Court); *Rosa White and Kearia Jackson v. Wal-Mart, Inc, et al.,* Case No. 37-2018-00059628-CU-OE-CTL (San Diego County Superior Court).

should deny Defendants' motion for partial summary judgment on the grounds of judicial estoppel, and on the identical factual predicate rule. (*Id*. at 16-17).

The Court finds that amendment of the Answer would prejudice Plaintiff due to undue delay and the need for additional discovery.[2] When evaluating undue delay, the Court must ask "'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergenCorp. v. Dialysist West Inc.,* 465 F.3d 946, 953 (9th Cir. 2006). Defendants were aware, or should have been aware, that at least one of the purportedly related cases was pending and that it potentially addressed the same issues as in Plaintiff's PAGA claim at the time the Answer was filed. *See AmerisourceBergen*, 465 F.3d at 953. The *Johnson* case was filed February 26, 2016, the *Cruz* case was filed October 31, 2018, and the *White/Jackson* case was filed November 2, 2018.[3] Although the affirmative defense Defendants wishes to add to the Answer did not become effective until the settlements were finalized in the PAGA cases, Defendants included the affirmative defenses of laches and estoppel in the Answer, and could have also included the affirmative defense of *res judicata*, particularly in light of the already pending *Johnson* case. (Answer at 14). Furthermore, the PAGA claims in the *White/Jackson* and *Cruz* cases were filed in late 2018, at which time Defendants should have notified the Court of the related cases and moved to amend the Answer. Instead, Defendants' waited over three years to do so.

Under Civil Local Rule 40.1(f), the parties to an action have an obligation to promptly file and serve on all parties a notice of related case if "counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to

---

[2] Plaintiff does not allege bad faith, futility of amendment, whether Defendants have previously amended the answer, or any other *Foman* factor. *See Foman*, 371 U.S. at 182.
[3] *Cruz v. Wal-Mart Associates, Inc.,* https://www.lacourt.org/CaseSummary/UI/casesummary.aspx?caseNumber=18STCV03128; *Johnson v. Wal-Mart Stores, Inc., et al*, https://portal.sb-court.org/Portal/Home/WorkspaceMode?p=0; *White/Jackson v. Wal-Mart, Inc. et al*, https://courtindex.sdcourt.ca.gov/CISPublic/viewcase.

another pending action or proceeding on file in this or any other federal or State Court." Civ. L. Rule. 40.1(f). While all parties have an obligation to notify the Court of pending related cases, only Defendants are relying on the related cases, and using the delay in reporting them, to their advantage.

Had Defendants filed the requisite notice, Plaintiff could have investigated whether the cases were in fact related, undertaken any necessary discovery, and prepared strategies to dispute that the cases were related. Instead, Defendants waited to see the outcome before notifying Plaintiff and this Court of their position that the cases are related and this action barred by res judicata. Even then, after July 29, 2021, the date of the last approval of settlement and judgment in the *Cruz, Johnson*, and *White*/*Jackson* cases, Defendants waited another five months to file their present motion. After that, they waited another month to file the required Notice of Related Cases.

Defendants' attempt to explain the delay by claiming the present case was "effectively stayed pending the Court's ruling on Walmart's amended motion for partial summary judgment" at the time the judgments were entered in the related cases, and that as soon as litigation resumed, Defendants sought the Court's permission to file the amended answer. (Mot. at 16). Contrary to Defendants assertion, the case was not "effectively stayed" during the pendency of the motion for partial summary judgment, but even assuming *arguendo* that this action was effectively stayed, for the reasons outlined above, it does not excuse the delay in filing a notice of related cases or motion for leave to amend. Accordingly, the Court finds that Defendants knew or should have known the facts and legal theories raised by their motion for leave to amend thus causing undue delay. *See AmerisourceBergenCorp.,* 465 F.3d at 953.

The Court turns next to the issue of prejudice to Plaintiff. Defendant argues that there is no trial date currently set, and therefore granting leave to amend will not delay this litigation. Defendants' argument assumes that Plaintiff is not entitled to reopen discovery to investigate the proposed *res judicata* defense. Plaintiff opposes this

1  position. Regardless of the outcome of this discovery dispute, granting leave to amend
2  would unquestionably cause a delay of this action at this late stage of proceedings.
3      At the very least, if motion for leave to amend is granted, the parties will need to
4  brief and submit their dispute regarding discovery. If Plaintiff needs to reopen discovery,
5  this would strongly support a finding of prejudice due to undue delay, and counsel
6  against granting leave to amend. *See Lockheed Martin Corp. v. Network Solutions, Inc.,*
7  194 F.3d 980, 986 (9th Cir. 1999)("A need to reopen discovery and therefore delay the
8  proceedings supports a district court's finding of prejudice from a delayed motion to
9  amend.")
10     Defendants claim that no additional discovery is required "because a *res judicata*
11 defense does not change the nature of the action," yet Defendants acknowledge in their
12 Notice of Related Case that "[i]n some instances, it is not clear that the case is related."
13 (Notice of Related Case at 3 n.3 [ECF 113.]) Defendants do not elaborate which case
14 may not be related, or in what way. If Defendants themselves are unwilling to state
15 whether the cases are related, it is certain Plaintiff will need to expend additional time to
16 investigate and brief this issue and whether a judgment in any of the allegedly related
17 cases bars any part of Plaintiff's PAGA claims. The Court therefore finds that leave to
18 amend would prejudice Plaintiff because Defendants unduly delayed their motion. *See*
19 *Eminence Capital,* 316 F.3d 1052 (undue delay along with other *Foman* factors can result
20 in prejudice).
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Leave to Amend Answer and **DENIES** Defendants' Motion for Partial Summary Judgment of PAGA Claims as moot. The Court also **DENIES** as moot Defendants' Request for Judicial Notice of Appellant's Reply Brief in *Nichols v. Citibank N.A.*, filed on June 9, 2017, in the U.S. Court of Appeals for the Ninth Circuit. (Reply Ex A [ECF No. 111-2.])

**IT IS SO ORDERED.**

Dated: July 20, 2022

Hon. M. James Lorenz
United States District Judge