UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JULIO GARCIA,

Plaintiff,

WAL-MART ASSOCIATES, INC.,
et al.,

Defendants.

Case No.:  18cv0500-L-MDD

**ORDER ON JOINT MOTION RE
DISCOVERY DISPUTE**

[ECF No. 146]

Before the Court is the parties' Joint Motion for determination of a
discovery dispute filed on March 10, 2023. (ECF No. 146). The dispute at
present concerns several of Plaintiff's requests for production and
interrogatories regarding the *res judicata* defense asserted by Defendants',
Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc., (collectively
"Defendants"). (*Id*.). For the reasons provided herein, Plaintiff's motion to
compel production of documents and further responses set forth in the
parties' Joint Motion Re Discovery Dispute is **DENIED**.

## BACKGROUND

On November 4, 2021, Defendants sought permission from the Court to

amend their answer to Plaintiff's complaint to add the affirmative defense of *res judicata* in light of recent PAGA claim settlements in *Johnson v. Wal-Mart Stores, Inc.*, *Cruz v. Wal-Mart Associates, Inc.*, and *White and Jackson v. Wal-Mart, Inc.* (ECF No. 95 at 4, 5). Defendants argue that the cases cover the same claims as Plaintiff's PAGA claim. (*Id.*). The Court initially denied Defendants' request, but on reconsideration, the Court granted Defendants leave to raise their *res judicata* defense on summary judgment after Plaintiff was afforded ". . . an adequate opportunity for discovery and investigation." (ECF No. 136 at 6).

District Judge Lorenz directed Magistrate Judge Dembin to "set a schedule for Plaintiff to conduct discovery and/or investigation to respond to Defendants' res judicata defense." (ECF No. 136 at 6). Judge Lorenz stated the following in the order:

> Plaintiff contends that there are "factual disputes as it relates to this proposed res judicata affirmative defense which would require fact discovery to be conducted." (Oppo. at 15 [ECF No. 105.]) Defendants downplay any need for additional investigation and/or discovery, arguing that "determining whether *res judicata* applies will involve comparing Plaintiff's allegations here to the judgments and other publicly available, judicially noticeable pleadings at issue in *Johnson and Cruz*." (Mot. Recon. at 15). However, with regard to the allegedly related PAGA cases, Defendants themselves acknowledged, "[i]n some instances, it is not clear that the case is related," indicating that Plaintiff will need to conduct research and discovery to make those determinations. (See Notice of Related Case at 3 n.3 [ECF No. 113.])
>
> Nevertheless, in the interests of justice, the Court grants Defendants leave to raise their res judicata defense on summary judgment, but only after Plaintiff is afforded an adequate opportunity for discovery and investigation.

(ECF No. 137 at 5, 6).

1
2
3
4
5
6
7
8
9
10

Plaintiff served the Third Set of Request for Production of Documents and Second Set of Interrogatories on Defendants on January 10, 2023. (ECF No. 146-1 at 3). Defendants responded to the discovery on February 9, 2023. (*Id*.). Plaintiff contends that Defendants refuse to provide "the research and discovery" permitted by Judge Lorenz, and that Defendants' responses to Plaintiff's discovery requests are limited to publicly available documents and documents relied on in their motion for summary judgment. (ECF No. 146 at 16). Defendants argue that Plaintiff's discovery requests exceed the scope of Judge Lorenz's order, or the requests seek irrelevant and/or privileged information. (*Id*. at 17-19).

11

## LEGAL STANDARD

12
13

The scope of discovery under Federal Rules of Civil Procedure is defined as follows:

14
15
16
17
18
19

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

20

(Fed. R. Civ. P. 26(b)(1)).

21
22
23
24
25
26
27

Typically, the relevance standard is broad in scope and "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in a case." *Doherty v. Comenity Capital Bank*, No. 16cv1321-H-BGS, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017). District courts have broad discretion to determine relevancy for discovery purposes. *D.M. v. County of Merced*, No. 1:20cv00409-JLT-SAB,

2022 WL 229865, at *2 (E.D. Cal. Jan. 26, 2022) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) and *Survivor Media v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)).

District courts also have broad discretion to limit discovery to prevent its abuse. *See* Fed. R. Civ. P. 26(b)(2) (instructing courts to limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

## DISCUSSION

As will be discussed in further detail below, Plaintiff has not demonstrated that the discovery requests at issue seek relevant, nonprivileged information. Plaintiff continuously cites legal standards without connecting the standards to his discovery requests. Plaintiff only makes blanket statements, such as ". . . all of the discovery sought by Plaintiff goes to Walmart's *res judicata* defense and whether it is viable." (*Id.* at 20). Plaintiff also states, "In many instances in litigation, the parties will state the substance of their claims in said documents" (referring to discovery propounded in the prior cases, the pleadings, the mediation briefs, and drafts of settlement agreements). (ECF No. 146 at 16). Plaintiff, however, cites no authority that such information is relevant to a *res judicata* defense.

### A. Request for Production Nos. 50-53

Request for Production Nos. 50-53 seek "all discovery" conducted and/or served by Defendants in *Cruz*, and by the plaintiff(s) in *Cruz, Johnson*, and *White* ". . . including without limitation, special interrogatories, requests for admissions, form interrogatories, requests for production of documents,

responses thereto, all documents produced, and/or deposition transcripts."
(ECF No. 146 at 3-5).

Defendants objected to the requests as being vague, ambiguous, and
neither relevant nor proportional to the needs of the case because the
discovery conducted does not have any bearing on Defendants' *res judicata*
defense. (*Id*.).

The Court sustains Defendants' relevance objections. Defendants rely
on the final *judgments* in *Cruz*, *Johnson*, and *White* in their *res judicata*
defense, not on any of the discovery exchanged. Plaintiff offers no explanation
regarding the relevance of this discovery, and the Court finds it is not
relevant. *See In re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997) ("The
doctrine of *res judicata* provides that a final judgment on the merits bars
further claims by parties or their privies based on the same cause of action.");
*see also* Fed. R. Civ. P. 26(b)(2) (instructing courts to limit discovery where
the discovery "is outside the scope permitted by Rule 26(b)(1)").

## B.  Request for Production Nos. 54-62

Request for Production Nos. 54-56 seek ". . . all mediation briefs by any
party" in *Cruz*, *Johnson*, and *White*." (ECF No. 146 at 5-6).

Request for Production Nos. 57-59 seek ". . . all documents relating to
any agreements" in *Cruz*, *Johnson*, and *White* ". . . including without
limitation, any drafts or settlement agreements, communications regarding
settlement agreements." (ECF No. 146 at 6-8).

Request for Production Nos. 60-62 seek ". . . all documents reflecting
any oral and/or written communications between your [Defendants'] counsel
and counsel for any plaintiff" in *Cruz*, *Johnson*, and *White* ". . . which refer to
Plaintiff's action, including without limitation, texts, emails, and/or letters."
(ECF No. 146 at 8-10).

Defendants objected to each of the requests as seeking information protected by the confidential settlement privilege, attorney-client privilege, or attorney-work product doctrine, and asserted that any responsive documents are neither relevant nor proportional to the needs of the case. (*Id*. at 5-8).

The Court sustains Defendants' privilege objections. As Defendants state, mediation briefs, settlement communications, and communications between Defendants and their counsel are protected. *See Karubian v. Kaiser Ventures*, LLC, No. EDCV 17-597 PSG (EX), 2018 WL 10517183, at *4 (C.D. Cal. Oct. 17, 2018) (finding emails and draft documents exchanged in the course of mediation protected by the mediation privilege and holding "email communications, draft settlement agreements, and draft motions should be precluded in any proceeding before this Court"); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1167 (C.D. Cal. 1998), aff'd, 216 F.3d 1082 (9th Cir. 2000) (adopting a federal mediation privilege and precluding discovery of mediation briefs).

The Court also sustains Defendants' relevance objections. Plaintiff's requests seek information outside the scope of discovery. Defendants rely on the final *judgments* in *Cruz*, *Johnson*, and *White* in their *res judicata* defense, not on mediation briefs, communications, or draft settlement agreements. *See* Fed. R. Civ. P. 26(b)(2) (instructing courts to limit discovery where the discovery "is outside the scope permitted by Rule 26(b)(1)"); *see also In re Schimmels,* 127 F.3d at 875, 881.

## C. Request for Production Nos. 66-68

Request for Production Nos. 66-68 seek ". . . any and all dispositive motions (including moving papers, oppositions, replies and orders)" filed in *Cruz*, *White*, and *Johnson* ". . . including but not limited to motions pursuant to Rules 12, 15, 23, 37, 50, 56, 59, and 60 of the Federal Rules of Civil

Procedure and/or California Code of Civil Procedure Sections 382, 430-430.70, 435-438, 472, 473, and 2017.010, *et seq*." (ECF No. 146 at 10-12).

Defendants objected to the requests as being neither relevant nor proportional to the needs of the cause because dispositive motions do not have any bearing on Defendant's *res judicata* defense. (*Id*.).

The Court sustains Defendants' objection. *Res judicata* considers the claims asserted in a case's final judgment. *See In re Schimmels,* 127 F.3d at 875, 881. Plaintiff has made no showing as to how dispositive motions have any bearing on countering Defendants' *res judicata* defense.

The dispositive motions, moreover, are accessible to the public. Defendants provided Plaintiff with the case names, case numbers, and the specific court where the actions, upon which they rely on their *res judicata* defense, were brought. Plaintiff can acquire the dispositive motions he seeks without Court intervention or Defendants. *See* Fed. R. Civ. P. 26(b)(2) (instructing courts to limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information").

**D.  Request for Production Nos. 69-71**

Request for Production Nos. 69-71 seek ". . . the deposition transcripts of any plaintiff" in *Cruz*, *White*, and *Johnson*. (ECF No. 146 at 12-13).

Defendants objected to the requests as being neither relevant nor proportional to the needs of the cause because deposition transcripts do not have any bearing on Defendant's *res judicata* defense. (*Id*.).

The Court sustains Defendants' relevance objection. Plaintiff has made no showing as to how deposition transcripts are relevant or proportional for responding to Defendants' *res judicata* defense. *See* Fed. R. Civ. P. 26(b)(2) (instructing courts to limit discovery where the discovery "is outside the scope permitted by Rule 26(b)(1)"); *see also In re Schimmels,* 127 F.3d at 875, 881.

### E.  Interrogatory Nos. 5-6

Interrogatory No. 5 asks Defendants to ". . . identify each and every lawsuit filed against you [Defendants] by any plaintiff on or after November 21, 2016, in the State of California alleging a violation of the Private Attorneys General Act premised upon the violation of Labor Code § 203." (ECF No. 146 at 13-14).

Interrogatory No. 6 asks Defendants to ". . . Identify each and every written notice submitted against you [Defendants] by and/or on behalf of any current or former employee to the Labor Workforce Development Agency on or after November 21, 2016, in the State of California alleging a violation of the Private Attorneys General Act premised upon a violation of Labor Code § 203." (ECF No. 146 at 14-15).

Defendants objected to the interrogatories as seeking information neither relevant nor proportional to the needs of the case, and as exceeding the scope of the Court's order permitting discovery regarding Defendants' *res judicata* defense. (*Id*. at 13-15).

Plaintiff asserts that the interrogatories seek relevant information because if Defendants filed a notice of related cases in other unnamed lawsuits, it would support an argument of prejudice and judicial estoppel. (ECF No. 146 at 20-21). Defendants, however, correctly argue that the interrogatories exceed the scope of discovery. Judge Lorenz permitted limited discovery for the purpose of *responding* to Defendants' *res judicata* defense, which only relies on the judgments in *Johnson*, *Cruz*, and *White*. *See* Fed. R. Civ. P. 26(b)(2) (instructing courts to limit discovery where the discovery "is outside the scope permitted by Rule 26(b)(1)").

/ / / /

/ / / /

## CONCLUSION

Plaintiff's motion to compel production of documents and further responses set forth in the parties' Joint Motion Re Discovery Dispute is **DENIED.**

**IT IS SO ORDERED**.

Dated:   April 11, 2023

Hon. Mitchell D. Dembin
United States Magistrate Judge